JANE WILSON, d/b/a Forman Real Estate, Plaintiff-Appellant, v. JAMES R. MIDDENDORF *et al.*, Defendants-Appellees.

Third District   No. 3—92—0895

Opinion filed August 5, 1993.—Rehearing denied September 9, 1993.

Jeff W. DeJoode, of March & McMillan, P.C., of Macomb, for appellant.

Stanley L. Tucker, of Hartzell, Glidden, Tucker & Hartzell, of Carthage, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Jane Wilson, d/b/a Forman Real Estate, filed suit against the defendants, James and Rosey Middendorf, seeking to recover a 7% commission pursuant to an exclusive listing agreement for the sale of the defendants' house. The trial court concluded that the contract was unenforceable. Wilson appeals.

In early 1992 James and Rosey Middendorf put their house up for sale. On January 25, 1992, Jane Wilson, a real estate broker, met with the Middendorfs to discuss listing their home with her. Wilson prepared a listing agreement which provided that she would have the exclusive right to sell the Middendorfs' home from January 25, 1992, to July 25, 1992, and that she would receive a 7% commission on the sale.

Mrs. Middendorf testified that prior to signing the agreement, she informed Wilson that they wanted to exclude two prospective buyers from the listing agreement. In the upper right-hand corner of the listing agreement, Wilson wrote "Two Exclusions Testlika & Jones thru 1/31/92." Mrs. Middendorf admitted telling Wilson "Jones," but explained that it was probably a mistake. She must have meant to say "Jan's." (Jan Entwhistle was the broker who showed the Middendorfs' house to the eventual buyer.)

Mrs. Middendorf also testified that she told Wilson that she did not want the agreement to take effect until January 31, 1992. To that end, Mrs. Middendorf attempted to postdate the agreement by writing "Jan. 31, 1992" on the date line near her signature.

Jane Wilson testified that she did not agree to postpone taking any action until January 31, 1992. However, Wilson did acknowledge that Mrs. Middendorf had written January 31, 1992, on the date line of the contract. Additionally, she acknowledged writing the exclusions in the upper right-hand corner of the agreement.

On January 29, 1992, Jan Entwhistle showed the Middendorfs' house to Jackie Lee. Lee liked the house and on February 1, she and the Middendorfs reached an agreement with regard to the sale.

On May 21, 1992, Wilson filed a complaint alleging that the Middendorfs failed to pay her the 7% commission provided for in the listing agreement. Following the presentation of evidence, the trial court concluded that the contract was unenforceable because it was ambiguous and there was never a meeting of the minds as to the terms of the contract.

On appeal, Wilson argues that the trial court erred in concluding that the contract was so ambiguous as to be unenforceable. We agree.

■ Where the material terms of a contract are ambiguous, the contract is unenforceable. (*Morey v. Hoffman* (1957), 12 Ill. 2d 125, 145 N.E.2d 644.) In this case, however, the ambiguities found by the trial court were no longer material at the time the Middendorfs agreed to sell their home on February 1. Whether the contract began on January 25 or January 31, it was in effect on February 1. Whether the exclusion was "Jones" or "Jan's," it expired on January 31.

■ It is well established that a broker is entitled to a commission if the broker has an exclusive sale agreement with the owner and the property is sold by anyone during the life of the agreement. (*Kennedy, Ryan, Monigal & Associates, Inc. v. Watkins* (1993), 242 Ill. App. 3d 289, 609 N.E.2d 925.) Therefore, because the house was sold during the life of the listing agreement between Wilson and the Middendorfs and because the stated exclusions had expired prior to the sale, Wilson is entitled to her commission.

For the foregoing reasons, the judgment of the circuit court of McDonough County is reversed.

Reversed.

LYTTON and STOUDER, JJ., concur.